IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMSON "SAM" COSTALES,

        Plaintiff,

v.                                                              CIV No. 07-827 MV/ACT

RAY SCHULTZ and
ALBUQUERQUE POLICE DEPARTMENT,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Affidavit of Randi McGinn in Support of Award of Sanctions in the Amount of $9,060.50 ("Affidavit") filed December 29, 2008. [Doc. No. 117]. Having reviewed the Affidavit, Defendants' Response [Doc. No.122], and the applicable law, the Court finds that Plaintiff's request for $9,060.50 for sanctions will be reduced in accordance with this Memorandum Opinion and Order.

I. **Background**

On December 10, 2008, this Court ordered that Defendants pay Plaintiff his reasonable attorney's fees and expenses under Rule 37 of the Federal Rules of Civil Procedure in relation to bringing and filing Plaintiff's Motion for Discovery Sanctions. [Doc. No.113]. Plaintiff submitted the Affidavit and requested fees in the amount of $9,060.50.[1] Defendants submitted a response to the Affidavit challenging the amount of the requested attorney's fees, arguing that the fees are

---

[1] The Court notes that in Plaintiff's Motion for Discovery Sanctions filed September 23, 2008 [Doc. No.99], Plaintiff indicated that his attorney fees to date (before reply brief) were $2,590.88.

excessive and unreasonable. Defendants challenge all entries prior to August 26, 2008; argue that the entries for November 5, 10, and 11, 2008 should be deducted; and claim that the remaining fees should be reduced by one-half because Plaintiff was not successful on certain claims. Defendants argue that the total fees, including taxes, should be $3,116.56.

II. **Legal Standard**

The starting point for determining the appropriate amount of attorney's fees is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate. *Hensley v. Eckert,* 461 U.S. 424, 433 (1983). The resulting figure is the "lodestar." *Case v. Unified School Dist.,* 157 F.3d 1243, 1249 (10th Cir. 1998). The court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir. 1996).

There are two elements to the reasonableness inquiry. First, whether the attorney has exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application, and second, whether the fee award is reasonable in light of the success obtained. *See Hensley v.Eckert,* 461 U.S. 424 (1983). The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case v.Unified School Dist.,* 157 F.3d at 1249. With respect to legal research performed, the application must provide enough information to determine whether the research was related to successful issues and reasonably necessary. *Id.* at 1252.

Plaintiff's counsel utilized block billing. Although the Tenth Circuit "admonishes" attorneys not to engage in block billing, the Court may still grant block-billed fees to a party when the records "sufficiently allow the court to determine the time allotted by [the party's] attorneys to specific tasks and the reasonableness of that time." *Cadena v. Pacesetter Corp.,* 224 F.3d 1203, 1215 (10th Cir.

2000) (citing *Roberts v. Roadway Express, Inc.,* 149 F.3d 1098, 1112 (10th Cir. 1998)).

III. **Discussion**

1. Number of hours reasonably expended

The Court ordered that Defendants pay Plaintiff his reasonable attorney's fees and expenses in relation to bringing and filing Plaintiff's Motion for Discovery Sanctions. This Court agrees with Defendants that all fee entries prior to August 26, 2008, totaling $3,068.50, are unrelated to the Court's Order as they primarily relate to Plaintiff's Motion to Compel. Accordingly, these entries will be excluded.

The Plaintiff did not prevail on his argument for an *"in camera* review and production of Chief Schultz' e-mails reflecting fraud by the defendants." According, specific time entries reflecting work performed on this issue will be excluded.

Because Plaintiff did not prevail on his *in camera* inspection argument, in addition to the specific entries that will be deducted as discussed, *supra*, Plaintiff's requested fees in association with researching and briefing the Motion for Sanctions and the Reply will be reduced by one-fourth. The Court finds this to be the best estimate for it to make given that the entries do not specify the amount of time spent for the research and writing on this issue.[2]

There are a number of billing entries regarding conferences between counsel and her associates for issues other than the *in camera* inspection. The Court will not require Defendants to pay for conferences between Plaintiff's attorney and her associates. Accordingly, these entries will be deducted. Where a conference is listed as part of a block billing, the Court has used its best

---

[2]If the Honorable Martha Vazquez sustains Plaintiff's Objection to Magistrate Judge Torgerson's December 10, 2008 Discovery Order [Doc. No. 116] and orders an *in camera* review, the undersigned will reconsider this part of Plaintiff's request for fees.

judgment in deducting a reasonable amount from the block billing for the conference.

Finally, although some of the time entries submitted by the Plaintiff were in block billing form, after review, the Court finds that the total amount of time for the work performed is reasonable. Id.

2. Hourly Rates

In setting a reasonable hourly rate, the court looks to "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case,* 157 F.3d at 1256; *see also Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984) (reasonable hourly rate comports with rates "prevailing in the community for similar services for lawyers of reasonably competent skill, experience, and reputation."). Randi McGinn's hourly rate is $350 an hour. Her paralegals and clerks' hourly rates are $65 and $40 respectively. Defendants do not contest the reasonableness of these rates. The Court has reviewed Ms. McGinn's hourly rate and finds it to be reasonable in this community for Ms. McGinn's level of skill and experience. The hourly rates for her paralegals and clerks are likewise reasonable in this community.

IV. **Attorney's Fees Award**

In applying the above legal standards and rationale, the Court will allow attorneys fees as follows:

### RANDI McGINN

| DATE | HOURS ALLOWED | RATE | AMOUNT |
|---|---|---|---|
| 09-09-2008 | .1 | 350.00 | 35.00 |
| 09-11-2008 | .1 | 350.00 | 35.00 |
| 09-12-2008 | .7 | 350.00 | 245.00 |
| 09-15-2008 | .2 | 350.00 | 70.00 |
| 09-16-2008 | .5 | 350.00 | 175.00 |

| DATE | HOURS ALLOWED | RATE | AMOUNT |
|---|---|---|---|
| 09-23-2008 | 4.4 | 350.00 | 1,540.00 |
| 10-15-2008 | .9 | 350.00 | 315.00 |
| 11-03-2008 | 2.1 | 350.00 | 735.00 |
| 11-10-2008 | .2 | 350.00 | 70.00 |
| 11-24-2008 | .8 | 350.00 | 280.00 |

## CHRISTOPHER T. PAPALEO

| DATE | HOURS ALLOWED | RATE | AMOUNT |
|---|---|---|---|
| 08-26-2008 | .6 | 65.00 | 39.00 |
| 08-27-2008 | .1 | 65.00 | 6.50 |
| 08-28-2008 | .1 | 65.00 | 6.50 |
| 09-04-2008 | .4 | 65.00 | 26.00 |
| 09-08-2008 | .1 | 65.00 | 6.50 |
| 09-09-2008 | .4 | 65.00 | 26.00 |
| 09-15-2008 | .5 | 65.00 | 32.50 |
| 09-16-2008 | .5 | 65.00 | 32.50 |
| 10-15-2008 | 1.3 | 65.00 | 84.50 |
| 11-05-2008 | .2 | 65.00 | 13.00 |
| 11-11-2008 | .2 | 65.00 | 13.00 |

## GAIL CHASEY

| DATE | HOURS ALLOWED | RATE | AMOUNT |
|---|---|---|---|
| 09-29-2008 | 1.3 | 40.00 | 52.00 |
| 10-16-2008 | 2.8 | 40.00 | 112.00 |
| 10-30-2008 | 2.3 | 40.00 | 92.00 |

TOTALS:

| | |
|---|---|
| Randi McGinn: 10 hours @ $350.00 per hour | $3,500.00 |
| Christopher Papaleo: 4.4 hours @ $65.00 per hour | 286.00 |
| Gail Chasey: 6.4 hours @ $40.00 per hour | 256.00 |
| TOTAL | $4,042.00 |
| GROSS RECEIPTS TAX | $   272.84 |
| **TOTAL FEES AND TAX** | $4,314.84 |

Therefore, the total award of attorney fees, including gross receipts tax, is $4,314.84.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**