IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

09 NOV -3 PM 2: 53

CLERK-SANTA FE

SAMSON "SAM" COSTALES

Plaintiff,

v.                                                                Civ. No. 07-827 MV/ACT

RAY SCHULTZ and
ALBUQUERQUE POLICE DEPARTMENT,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion in Limine Number 3 (Doc. No. 186, filed October 19, 2009). By his motion, Plaintiff seeks to exclude from trial any evidence and argument regarding the verdicts in other civil actions against the Albuquerque Police Department (APD) and its officers by other APD employees. Plaintiff argues that he intends to call other officers to testify regarding the treatment they received when they reported the misconduct of fellow officers—some of whom have apparently filed civil lawsuit against the APD for its alleged conduct against them after they reported the misconduct. Plaintiff contends that the outcome of these unrelated lawsuits is irrelevant and that, in any event, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

In response to Plaintiff's motion in limine, Defendants argue that they do not intend to use prior judgments to establish guilt or innocense, but rather intend to use prior judgments as a subject of cross-examination to show witness bias. Defendants, however, fail to explain how the verdicts of

these prior lawsuits—as opposed to the fact that a particular witness brought a lawsuit—are relevant to establish witness bias in this case. Moreover, even assuming that Defendants could establish that these lawsuits had some relevance to witness bias, this Court finds that the verdicts of prior cases brought against the APD are properly excluded pursuant to Federal Rule of Evidence 403 as their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. There is a significant risk that jurors will give prior verdicts against the APD more weight than warranted and will not limit their consideration of such verdicts to assessing witness bias but will instead improperly defer to such prior verdicts rather than deciding the present case on the merits of the evidence presented in this matter. *See Blakely v. City of Clarksville*, 244 Fed. Appx. 681(6th Cir. 2007) (probative value of prior verdict was insufficient to overcome risk of prejudice and confusion verdict posed, including risk that jury would improperly defer to earlier case and thus effectively decide the case on evidence not before it).

Accordingly, this Court will **GRANT** Plaintiff's Motion in Limine Number 3.

**IT IS SO ORDERED.**

Dated this ___ day of November 2009

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

*Attorney for Plaintiff:*

Randi McGinn
Elicia Montoya
Katie Curry
201 Broadway, SE
Albuquerque, NM 87102

*Attorney for Defendants:*

Kathryn Levy
P.O. Box 2248
Albuquerque, NM 87103-2248