IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

09 NOV -3 PM 2:53

CLERK-SANTA FE

SAMSON "SAM" COSTALES

    Plaintiff,

v.

Civ. No. 07-827 MV/ACT

RAY SCHULTZ and
ALBUQUERQUE POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion in Limine to Exclude or Limit Testimony of Plaintiff's Identified Witnesses (Doc. No. 143, filed July 20, 2009). By their motion, Defendants seek to exclude or limit the testimony of a number of individuals and groups of individuals that appear on Plaintiff's witness list. Each individual or group of individuals is discussed below.

**1.  Al Unser, Sr. and Justice Charles Daniels**

According to the parties' Joint Trial Witness List (Doc. No. 193, filed October 30, 2009), Mr. Costales intends to call Mr. Unser to testify about what happened at the time he was arrested, how he was treated by the arresting officers, the untruthful testimony given by the other deputies at Mr. Unser's criminal trial, and the truthful testimony given by Mr. Costales at that trial. Similarly, according to the parties' Joint Trial Witness List, Mr. Costales intends to call Justice Daniels, who was Mr. Unser's attorney in the criminal trial, to testify about the untruthful testimony given by the other deputies at Mr. Unser's criminal trial, the truthful testimony given by Mr. Costales, the

subpoena to Mr. Constales, and the phone calls by the media about Chief Schultz calling for an investigation into Mr. Costales and its effect on Mr. Costales.

In this suit, Mr. Costales alleges that the Albuquerque Police Department and Chief Schultz retaliated against him for testifying truthfully at Mr. Unser's criminal trial. The fact that Mr. Costales testified pursuant to a subpoena at that trial, the testimony he gave at that trial, and whether or not his testimony was truthful are relevant. Accordingly, this Court declines to exclude Mr. Unser and Justice Daniels from testifying in the instant case. However, this Court acknowledges that certain testimony by Mr. Unser or Justice Daniels would be objectionable. For example, this Court agrees that Justice Daniels should not be permitted to testify as to the veracity of Mr. Costales or the other deputies who testified at Mr. Unser's trial, as he presumably was not present at Mr. Unser's arrest and as such testimony would be substantially more prejudicial than probative. Likewise, as Justice Daniels is not psychologist, his observations as to the effect certain events had on Mr. Costales should be limited to his personal observations.

At this time, however, the Court declines to hypothesize as to precisely what Plaintiff will ask these witnesses. Instead, Defendants should raise any objections they have to particular questions asked of Mr. Unser and Justice Daniels during trial. At that point, the Court can rule on specific objections in accordance with the Federal Rules of Evidence.

2. **David Archunde**

As to Mr. Archunde, a former APD officer, Defendants' motion in limine consists of only two sentences:

> "[T]he description of [Mr. Archunde's] testimony includes his testifying about what 'Sam' told him he saw at the Unser arrest, as well [as] how the 'treatment' by fellow officers 'affected Mr. Costales.' His testimony must be limited to his own observations and any information provided him by the Plaintiff as to what he saw [should be] excluded as irrelevant."

(Doc. No. 143, filed July 20, 2009). While this Court will not permit hearsay testimony and expects

2

the parties to abide by the Federal Rules of Evidence, this Court again finds that it would be premature to issue an order excluding Mr. Archunde from testifying or limiting his testimony based on such vague assertions. Instead of speculating about what Mr. Archunde may be asked at trial and as to what relevant personal knowledge he may have, the better remedy is for Defendants to object at trial to any specific questions directed to Mr. Archunde that seek to elicit information in violation of the Federal Rules of Evidence.

3.   **APD Officers Jolene Dye and Guadalupe Bell**

As to APD Officers Jolene Dye (who will apparently testify as to her treatment after testifying against another officer) and Guadalupe Bell (who will apparently testify about the retaliation she experienced after reporting other officers' abuse of prisoners), Defendants simply assert that "[t]heir personal situations were significantly different in both time and situation from that of Plaintiff and their testimony should be excluded until a sufficient foundation has been laid to establish relevancy and to avoid confusion of the issues before the jury." Plaintiff, on the other hand, contends that their testimony is relevant as one of the disputed issues in this case is the existence of a Blue Wall of Silence at the Albuquerque Police Department. Neither Defendants nor Plaintiff, however, provide any further information as to the alleged experiences of Ms. Dye and Ms. Bell. Accordingly, on the present record, this Court will deny Defendants' motion as to these witnesses without prejudice to Defendants' renewing any objection to these witnesses at trial.

4.   **Sgt. Harold Medina**

Sgt. Harold Medina, Mr. Costales's supervisor from April 2007 to October 2007, is identified in the Joint Trial Witness List as having witnessed Plaintiff's illness, Plaintiff's calling in sick from stress, and the reason Plaintiff was ill. Defendants' motion in limine simply states that Sgt. Medina's testimony "should be limited to his personal observations and not speculation" and "must be excluded until a foundation is laid." As Defendants' motion in limine does not set forth a reason that

3

Sgt. Medina's testimony should be excluded, but instead lists only basic evidentiary principles, this Court will deny the motion as to Sgt. Medina. While this Court agrees that a proper foundation should be laid and that Sgt. Medina's testimony should be based on personal observations, not speculation, this Court presumes that the parties will abide by the Federal Rules of Evidence. Should Plaintiff fail to lay a proper foundation for Sgt. Medina's testimony, ask questions requiring Sgt. Medina to speculate, or otherwise seek testimony that is inadmissible under the Federal Rules of Evidence, Defendants' proper remedy is to object to such questions at trial.

5.  **Medical Providers**

Finally, there does not appear to be an actual dispute as to Mr. Costales's medical providers (who are treating physicians rather than retained experts) as the parties agree that their testimony should be limited to those conclusions drawn from their own examination and treatment of Mr. Costales.

### CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine to Exclude or Limit Testimony of Plaintiff's Identified Witnesses (Doc. No. 143, filed July 20, 2009) is **DENIED** without prejudice to Defendants raising any objections they may have to specific questions or lines of questions at trial and without prejudice to Defendants raising further objections to the testimony of APD Officers Jolene Dye and Guadalupe Bell.

**IT IS SO ORDERED.**

Dated this ___ day of November, 2009.

_____
MARTHA VÁZQUEZ
**CHIEF UNITED STATES DISTRICT JUDGE**

4

*Attorney for Plaintiff:*

Randi McGinn
Elicia Montoya
Katie Curry
201 Broadway, SE
Albuquerque , NM 87102


*Attorney for Defendants:*

Kathryn Levy
P.O. Box 2248
Albuquerque , NM 87103-2248