## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SAMSON "SAM" COSTALES

        Plaintiff,

v.                                            Civ. No. 07-827 MV/ACT

RAY SCHULTZ and
ALBUQUERQUE POLICE DEPARTMENT,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On August 10, 2009, Defendants filed a motion to vacate an August 17, 2009 trial date in this matter on the grounds that Plaintiff's proposed jury instructions indicate "the legal theories of this case are not what they were when the pretrial order was entered."  (Doc. No. 165 at 4). On August 12, 2009, the Court instructed the parties to brief certain issues raised in Defendants' Motion to Vacate Trial Setting.  (Doc. No. 173).  Accordingly, on August 24, 2009, Defendants' filed their Memorandum of Law (Doc. No. 174); on September 3, 2009, Plaintiff filed a Response to Defendants' Memorandum of Law (Doc. No. 177); and on September 10, 2009, Defendants filed their Reply (Doc. No. 180).  This Memorandum Opinion and Order addresses certain outstanding issues raised in these briefs.  Other issues will be addressed through rulings on jury instructions or via subsequent orders.

**A.**      **Whether Plaintiff's malicious abuse of process claim should be part of this case**

Plaintiff has submitted three jury instructions regarding a claim for malicious abuse of process based on Defendants' discovery conduct in the instant case.  (Plaintiff's Requested Instruction Nos. 43-45, Doc. No. 195-2).  Plaintiff contends that in this case "the Albuquerque

Police Department and Raymond Schultz intentionally delayed, failed to produce and threatened to destroy requested documents and information in discovery . . . ." (Plaintiff's Requested Instruction No. 45, Doc. No. 195-2).

Defendants contend that Plaintiff engaged in "pure ambush" by submitting jury instructions for a malicious abuse of process claim based on discovery issues presented during this case and argue that such claim is not contained in the Pretrial Order.

In response, Plaintiff does not argue that the claim is set forth in the Pretrial Order, but instead argues that Defendants have had notice of these claims. In support of his argument, Plaintiff cites a single paragraph of the Amended Complaint (Doc. No. 70)—namely, paragraph 94, which reads:[1]

> In addition, Defendants Schultz, White, APD and BCSD, through their employees, including John Does 1–3, negligently or intentionally caused Sam Costales personal and bodily injury through slander, defamation of character, malicious prosecution and abuse of process.

In addition, Plaintiff argues that his malicious abuse of process claim was delineated through a series of discovery motions that were filed in 2008 and that set forth Defendants' alleged discovery abuses, including Plaintiff's motion to compel further discovery (Doc. No. 62), Plaintiff's motion for discovery sanctions (Doc. No. 99), Plaintiff's objections to Magistrate Judge Torgerson's November 10, 2008 discovery order (Doc. No. 111), and Plaintiff's objections to Magistrate Judge Torgerson's December 10, 2008 discovery order (Doc. No. 116).

While discovery in the case was undoubtedly contentious and Plaintiff's discovery motions allege that Defendants engaged in discovery misconduct, the Pretrial Order (Doc. No. 132), which

---

[1] While the Amended Complaint includes a count for spoliation or destruction of evidence by Defendant James Badway (Doc. No. 70 at ¶¶ 113-120)—who has since been dismissed from the case (Doc. Nos. 92 & 95)—this is not the conduct that underlies Plaintiff's current malicious abuse of process claim.

was entered in June 2009, makes no mention of the discovery misconduct.  As the Pretrial Order

"controls the course of the action unless the court modifies it" and Plaintiff has not provided

sufficient justification for amending the Pretrial Order at this late date, this Court finds that

Plaintiff's claim for malicious abuse of process is not properly part of this case.  Fed. R. Civ.

Proc. 16(d); *see also* Pretrial Order (Doc. No. 132) at Section XIII ("The Pretrial Order when

entered will control the course of trial and may only be amended *sua sponte* by the Court or by

consent of the parties and Court approval.  The pleadings will be deemed merged herein.").

**B.      Whether Plaintiff previously identified claims against the City for the wrongful acts of**
**         Conrad Canjdelaria, Mike Callaway, Mark Garcia and James Badway**

Defendants object that Plaintiff's Requested Instruction No. 42 (Doc. No. 195-2) states the

Albuquerque Police Department is liable for the "wrongful acts" of its employees Conrad

Canjdelaria, Mike Callaway, Mark Garcia and James Badway.  As to James Badway (who allegedly

published defamatory communications regarding Plaintiff), Defendants argue that Plaintiff has

released James Badway and the City for any actions arising from his employment.  As to the

remaining employees, Defendants argue that Plaintiff has not identified what wrongful acts of these

individuals constitute his claims.  Plaintiff responds by arguing that the Albuquerque Police

Department is liable for the bad acts of Albuquerque Police Department supervisors Captain

Candelaria, Deputy Chief Callaway, and Sergeant Garcia and that Defendants have been on notice

of their conduct, which is enumerated in the original and amended complaints.

While Defendants are correct that these individuals are not listed by name in the Pretrial

Order (other than as witnesses) and that no claims were brought against Captain Candelaria, Deputy

Chief Callaway, and Sergeant Garcia, the Pretrial Order clearly articulates Plaintiff's theory that the

Albuquerque Police Department retaliated against Plaintiff for breaking the "Blue Code of Silence."

(Doc. No. 132 at 3-5).  Each of these individuals is alleged to have played a role in that retaliation.

Plaintiff's Amended Complaint alleges that in response to the hostility he experienced from fellow officers and the fear that it could put him in harms way if he continued to work street patrol, Plaintiff directed a hardship memorandum to Deputy Chief Callaway requesting a transfer off the streets to the Communications Center. (Doc. No. 70 at ¶ 54). The following day, Plaintiff alleges that he was directed to report to Captain Candelaria (one of his supervisors), who told him that his transfer request was being denied and that unless he withdrew his hardship memorandum and wrote a new one requesting a return to street patrol, he would be transferred to the wrecker services division (where he would have to work among deputies who were still openly angry about his testimony). (*Id.* at ¶¶ 55-58). Plaintiff further alleges that in approximately March 2007, shortly after he announced his intention to apply for a new opening at the Communications Center, he was called into Lieutenant Brian Carr's office and told that Captain Candelaria needed to know if he was planning on suing the Albuquerque Police Department to which he answered in the affirmative; shortly thereafter, the Communications Center opening was withdrawn. (*Id.* at ¶¶ 59-62). Finally, Sergeant Garcia (like James Badway) is alleged to have posted derogatory comments on the APOA website.

Accordingly, though none of these individuals are listed by name in the portion of the Pretrial Order addressing Plaintiff's claims, this Court finds that the retaliation Plaintiff suffered and the role these individuals played in it are at issue. Notably, the Pretrial Order specifically discusses the "vicious e-mail exchange on the APOA chat room" that the "APD did nothing to stop," as well as the fact that Plaintiff was "denied a transfer" and instead it was threatened that he would be assigned to patrol in areas where he would have to rely on officers who had expressed open hostility towards him. (Doc. No. 132 at 4-5).

While it is premature to determine whether a jury instruction may refer to the conduct of these individuals, as trial has yet to begin, this Court finds that evidence of these individuals'

conduct is relevant and will not exclude such evidence based on the Pretrial Order.

Finally, as to  James Badway, with whom Plaintiff has settled, whether his conduct is relevant to Plaintiff's retaliation claim will depend on the settlement.  The Court is not privy to that settlement, but notes that Defendants' Memorandum of Law states that "Plaintiff released James Badway **and the City** for any actions arising from his employment."  (Doc. No. 174 at 9 (emphasis added)).  If that is indeed accurate, a jury instruction that alleges the City is liable for his misconduct would be improper.

**C.     Whether Plaintiff previously raised a defamation claim against anyone other than Chief Schultz**

Defendants argue that while the Pretrial Order refers to the comments posted on the APOA website as being a vicious email exchange in a union chat room, it alleges only that the Albuquerque Police Department did nothing to stop this retaliation and that therefore Plaintiff's inclusion of these statements as part of his defamation claim is improper.  (*See* Plaintiff's Proposed Instruction No. 32, Doc. No. 195-2).  Defendants further argue that the waiver of immunity granted in Section 41-4-12 NMSA applies only to torts caused by law enforcement officers acting within the scope of their duties and Plaintiff has never alleged that the parties participating in the email exchange were acting within the scope of their duties.

The section of the Pretrial Order that provides a brief description of Plaintiff's claims discusses the statements on the APOA website.  It reads:  "Following the lead of the Chief of Police, other APD officers began a vicious e-mail exchange on the APOA chat room, the essence of which was that veteran Officer Sam Costales was a rat who had betrayed his brothers and sisters in blue by testifying against other law enforcement officers.  APD did nothing to stop this or other retaliation against Officer Costales."  (Doc. No. 132 at 4).  The section further identifies "Plaintiff's legal claims against Chief Schultz and APD" as including, among other claims, a claim for

5

"[v]iolation of the New Mexico Tort Claims Act, including defamation claims."  (*Id.* at 5).
Additionally, in the section of the Pretrial Order addressing contested material facts, Plaintiff's
contentions include several references to these derogatory comments.  (*Id.* at 7 ¶ b ("Officers who
violate the 'code of silence' . . . are punished . . . through derogatory comments and smear
campaigns by other officers, their supervisors and even the heads of law enforcement agencies"),
¶ d ("After Chief of Police Raymond Schultz made his statement in the *Albuquerque Journal*, there
were numerous derogatory postings by other APD officers on the APOA website."), ¶ e ("APD did
nothing to stop the derogatory comments being made by other APD officers."), ¶ h ("After the
Chief's public statement, Sam Costales suffered retaliation when he returned to what became a
hostile workplace, including derogatory comments . . . ."); *see also id.* at 8 ¶ l ("The acts and
omissions of Chief Schultz and APD defamed Sam Costales and harmed his reputation in the
community.")).  Based on the aforementioned, this Court finds that Plaintiff's defamation claim
based on postings on the APOA website is not a new claim and is properly included as a part of this
case.

     As to Defendants' argument that there is no waiver of immunity as Plaintiff has never alleged
that the parties participating in the email exchange were acting within the scope of their duties, this
Court  finds that this issue is best reserved until after the parties have presented their evidence.  If
Plaintiff does not provide evidence sufficient to support a jury finding that the parties were acting
within the course of their duties, Defendants can raise this issue again prior to the time jurors are
instructed.

**IT IS SO ORDERED.**

Dated this 12th day of November, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Randi McGinn
Elicia Montoya
Katie Curry
201 Broadway, SE
Albuquerque , NM 87102

*Attorney for Defendants:*

Kathryn Levy
P.O. Box 2248
*Albuquerque , NM 87103-2248*