IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMSON "SAM" COSTALES,

           Plaintiff,

v.                                                            Civ. No. 07-827 MV/ACT

RAY SCHULTZ and
ALBUQUERQUE POLICE DEPARTMENT,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** initially came before the Court on Defendants' Motion to Vacate Trial Setting (Doc. No. 165). Pursuant to this Court's Memorandum Opinion and Order entered August 12, 2009 (Doc. No. 173), the parties were ordered to fully brief the legal issues raised in Defendants' Motion to Vacate Trial Setting. This Memorandum Opinion and Order addresses one of the legal issues raised by Defendants, namely whether the Albuquerque Police Department or the City of Albuquerque is the proper defendant in this case. The Court has considered Defendants' Memorandum of Law Pursuant to the Court's Memorandum Opinion and Order Entered August 12, 2009 ("Defendants' Trial Brief") (Doc. No. 174), Plaintiff's Response to Defendants' Memorandum of Law Pursuant to the Court's Memorandum Opinion and Order Entered August 12, 2009 ("Plaintiff's Response") (Doc. No. 177), Plaintiff's Notice of Supplemental Authority (Doc. No. 179), and Defendants' Reply to Plaintiff's Response to Defendants' Memorandum of Law Pursuant to the Court's Memorandum Opinion and Order Entered August 12, 2009 ("Defendants' Reply") (Doc. No. 180); and being otherwise fully advised **FINDS**:

1.      Plaintiff has identified the Albuquerque Police Department ("APD") as a defendant in this case.

2.      Defendants correctly argue APD is not a proper party and should be substituted with the City of Albuquerque ("City") because APD is not a separate legal entity from the City. Defendants argue "by naming only the Albuquerque Police Department as a party defendant, Plaintiff has no Sec. 1983 municipal liability claims against the City of Albuquerque." (Defs.' Trial Br., pp. 1-2.)  Defendants further argue that "if Plaintiff were to prevail, he would be seeking to collect any damages from the City and not from a department which has no treasury or legal identity against which to enforce a judgment." (Defs.' Reply, p. 2.)  Defendants cite the Tenth Circuit cases *Ketchum v. Albuquerque Police Department*, 958 F.2d 381, 1992 WL 51481 *2 (10th Cir. 1992) (unpublished) and *Martinez v. Winner*, 771 F.2d 425, 443 (10th Cir. 1985) in support of their argument.

3.      In *Ketchum v. Albuquerque Police Department*, 958 F.2d 381, 1992 U.S.App. LEXIS 5134 (10th Cir. 1992) (unpublished), the Tenth Circuit addressed whether the Albuquerque Police Department (the same entity at issue here) is a proper party.  The Tenth Circuit stated:

> Defendants correctly state that police departments such as . . . [Albuquerque Police Department] are not suable entities under § 1983 because they lack legal identities apart from the municipality. . . . Plaintiff, thus cannot sue . . . APD under § 1983.

1992 U.S.App. LEXIS 5134 at *6; *see also Henry v. Albuquerque Police Department*, 49 Fed.Appx. 272, 274, 2002 U.S.App. LEXIS 22150 *5, n.1 (10th Cir. 2002) ("The district court properly relied on an unpublished decision from this court holding that the Albuquerque Police Department lacks a legal identity apart from the City of Albuquerque.").  Although *Ketchum* is an unpublished decision, it is persuasive in this case, especially because there is no contrary published Tenth Circuit

decision addressing this specific issue. Furthermore, other district courts within this circuit addressing similar issues have found that *Ketchum* holds a police department is not a suable entity. *See, e.g.*, *Carpenter v. Okla. County*, 2009 U.S.Dist. LEXIS 77330 (W.D. Okla. Apr. 14, 2009) (unpublished) (citing *Ketchum* and dismissing claims against the Oklahoma City Police Department because it is not a suable entity); *Burbank v. United States Dist. Court*, 2006 U.S.Dist. LEXIS 33086, 8-9 (D. Utah Mar. 30, 2006) (unpublished) (citing *Ketchum* and dismissing claims against the Utah County Sheriff's Department and Utah County Justice Court); *Battle v. Whetsel*, 2005 U.S.Dist. LEXIS 39241 (W.D. Okla. Nov. 29, 2005) (unpublished) (citing *Ketchum* and holding the Oklahoma City Police Department is "not a suable entity for purposes of 42 U.S.C. § 1983").

  4. Plaintiff argues "[a] police department may be sued as the appropriate acting entity in a 42 U.S.C. § 1983 or a New Mexico Tort Claims Act case, citing several federal and state cases in which a police department, sheriff's department and highway patrol department were named parties in lawsuits. (Pl.'s Resp., p. 3.) However, none of the cases cited by Plaintiff raise or address the issue of whether those entities are suable parties. *See, e.g., Green v. Post*, 574 F.3d 1294 (10th Cir. 2009); *Weigel v. Broad*, 544 F.3d 1143 (10th Cir. 2008); *Lowery v. County of Riley*, 522 F.3d 1086 (10th Cir. 2008); *Lopez v. Las Cruces Police Department*, 139 N.M. 730 (Ct. App. 2006); *Torres v. State of New Mexico*, 119 N.M. 609 (1995); *cf. Fitzjerrell v. City of Gallup ex rel. Gallup Police Department*, 79 P.3d 836, 134 N.M. 492 (N.M. Ct. App. 2003)*; Weinstein v. City of Santa Fe ex rel. Santa Fe Police Department,* 916 P.2d 1313, 121 N.M. 646 (N.M. 1996). Therefore, this Court does not find Plaintiff's argument persuasive.

  5. Pursuant to *Ketchum, supra*, APD is not a suable entity. The "City of Albuquerque ex rel. Albuquerque Police Department" should be substituted for the Albuquerque Police Department as the party defendant in this case.

6. This substitution does not prejudice the parties or impact the trial proceedings.

7. For purposes of clarifying the issue for the jury, a brief jury instruction will be given identifying the Albuquerque Police Department as an agency or division of the City of Albuquerque. Plaintiff's compromise proposal that the jury be instructed that the Albuquerque Police Department and the City of Albuquerque are one and the same is inaccurate and will not be given to the jury.

8. APD is the department whose alleged internal policies and procedures are at issue and who is alleged to have committed the acts identified in the Amended Complaint and throughout this litigation. Therefore, Defendants' request that APD be referred to as the "City" in the jury instructions would be confusing to the jury. Consequently, the jury instructions shall refer to this defendant as "APD," the "Albuquerque Police Department," or the "City of Albuquerque acting through the Albuquerque Police Department," as deemed appropriate by this Court.

**IT IS THEREFORE ORDERED** that the "City of Albuquerque ex rel. Albuquerque Police Department" shall be substituted for the Albuquerque Police Department as a defendant in this case. Before the commencement of trial on Monday, November 16, 2009, at 8:00 a.m., Plaintiff shall file an amended complaint and pretrial order properly identifying the defendants in this case. Additionally, no later than 5:00 p.m. on Monday, November 16, 2009, the parties shall submit a proposed joint jury instruction identifying the Albuquerque Police Department as an agency or division of the City of Albuquerque.

**DATED**: November 13, 2009.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

*Attorney for Plaintiff:*

Randi McGinn
Elicia Montoya
Katie Curry
201 Broadway, SE
Albuquerque , NM 87102

*Attorney for Defendants:*

Kathryn Levy
P.O. Box 2248
*Albuquerque , NM 87103-2248*